# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE EDUCATION ASSOCIATION, et al., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LIZZETTE GONZALEZ REYNOLDS, et al., | ) ) ) |
| Defendants. | ) ) ) |

Case No. 3:23-CV-00751

District Judge Aleta A. Trauger

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

ARGUMENT .................................................................................................................................1

    I.    Teachers Lack Standing..........................................................................................1

    II.    The Complaint Fails to State a Vagueness Claim.........................................................2

    III.    The Court Should Abstain .......................................................................................5

    IV.    The Commissioner of Tennessee's Department of Education Must be Dismissed....5

CONCLUSION................................................................................................................................6

CERTIFICATE OF SERVICE .......................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bankshot Billiards v. City of Ocala*,
  634 F.3d 1340 (11th Cir. 2011) ................................................................................. 1, 5

*Belle Maer Harbor v. Charter Twp. of Harrison*,
  170 F.3d 553 (6th Cir. 1999) ......................................................................................... 3

*CHKRS, LLC v. City of Dublin*,
  984 F.3d 483 (6th Cir. 2021) ......................................................................................... 2

*Columbia Nat. Res., Inc. v. Tatum*,
  58 F.3d 1101 (6th Cir. 1995) ......................................................................................... 3

*Copeland v. Vance*,
  893 F.3d 101 (2d Cir. 2018) .......................................................................................... 3

*Crawford v. Dep't of Treasury*,
  868 F.3d 438 (6th Cir. 2017) ......................................................................................... 1

*Dade v. Baldwin*,
  802 F. App'x 878 (6th Cir. 2020) ................................................................................... 3

*Gonzales v. Carhart*,
  550 U.S. 124 (2007) ....................................................................................................... 5

*Green Party of Tenn. v. Hargett*,
  700 F.3d 816 (6th Cir. 2012) ......................................................................................... 3

*Guerrero v. Whitaker*,
  908 F.3d 541 (9th Cir. 2018) ......................................................................................... 4

*Johnson v. Morales*,
  946 F.3d 911 (6th Cir. 2020) ......................................................................................... 3

*McKay v. Federspiel*,
  823 F.3d 862 (6th Cir. 2016) ......................................................................................... 1

*New York v. Ferber*,
  458 U.S. 747 (1982) ....................................................................................................... 2

*Ohio Stands Up! v. HHS*,
  2022 WL 1576929 (6th Cir. May 19, 2022) ................................................................. 5

*Prime Media, Inc. v. City of Brentwood*,
  485 F.3d 343 (6th Cir. 2007) ................................................................................................ 2

*Springfield Armory, Inc. v. City of Columbus*,
  29 F.3d 250 (6th Cir. 1994) ............................................................................................. 3, 4

*State v. Wilson*,
  924 S.W.2d 648 (Tenn. 1996)............................................................................................. 5

*Stevens v. City of Columbus*,
  2022 WL 2966396 (6th Cir. July 27, 2022)........................................................................ 3

*United States v. Cook*,
  914 F.3d 545 (7th Cir. 2019) .............................................................................................. 4

*United States v. Kettles*,
  2017 WL 2080181 (M.D. Tenn. May 15, 2017)......................................................... 3, 4, 5

*United States v. Requena*,
  980 F.3d 30 (2d Cir. 2020).................................................................................................. 3

**Statutes**

Tenn. Code Ann. § 49-6-1019(a).............................................................................................. 2

Tenn. Code Ann. § 49-6-1019(a)(1) ......................................................................................... 2

**Regulations**

Tenn. Comp. R. & Regs 0520-12-04-.07(11).......................................................................... 5

**INTRODUCTION**

This lawsuit should not continue to a futile discovery process. Teachers lack standing to bring their pre-enforcement vagueness challenge. And, regardless, the claims lack merit: A mountain of Sixth Circuit precedent defeats the facial claims, and the absence of specific factual allegations dooms the as-applied claims. The various obfuscations in Teachers' Response only illuminate the numerous, compounding flaws with the asserted theories. The Court should dismiss.

**ARGUMENT**

**I.    Teachers Lack Standing.**

***Teachers lack standing to challenge any provision.*** Teachers failed to allege "an intention to engage in a course of conduct *arguably affected with a constitutional interest*[] but proscribed by" the Act. *Crawford v. Dep't of Treasury*, 868 F.3d 438, 454 (6th Cir. 2017) (emphasis added). Teachers do not claim a "constitutional harm" from the alleged vagueness—like a liberty interest tied to criminal prosecution or a First Amendment interest. *Bankshot Billiards v. City of Ocala*, 634 F.3d 1340, 1349-50 (11th Cir. 2011). Accordingly, they cannot bring a pre-enforcement claim.

Nor can Teachers show a *certain* threat of enforcement. *Crawford*, 868 F.3d at 455. Tens of thousands of teachers taught in public schools subject to the Act during the 2021 – 2022 academic year, and the Opposition failed identify a single teacher subject to discipline under the Act. Teachers received no warning letters. Only "current students of an LEA or public charter school, their parents, and employees of the LEA" can file a complaint, not the "public." *McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016). And even then, only an investigation ensues. MTD, D.E. 42, at 7. Finally, Teachers never asked the State to disavow enforcement pre-suit and provide insufficient facts to facilitate disavowal now. *See id.* at 7-8.

***Teachers lack standing to challenge subsections (5), (6), (8), (9), and (12).*** Teachers must

1

establish an "injury in fact . . . on a provision-specific basis." *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 351 (6th Cir. 2007). That they might suffer an injury-in-fact from the provision that forbids teachers from promoting the idea that one "race or sex is inherently superior to another," Tenn. Code Ann. § 49-6-1019(a)(1), does not prove that they are injured by the other thirteen provisions, including subsections (5), (6), (8), (9), and (12). *See* MTD at 8-10. And Teachers do not even attempt to argue that they have alleged facts implicating those provisions.

Instead, Teachers argue they have standing to challenge all fourteen provisions in § 49-6-1019(a) simply because those provisions all contain the same allegedly vague prefatory language. Resp., D.E. 45, at 10-11. But that "conflate[s] the merits" of their claim with their "standing to bring it." *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 489 (6th Cir. 2021). If Teachers are correct that the "include or promote" prefatory language is void for vagueness as applied to one prohibition, that *may* affect the merits analysis of a vagueness challenge to another prohibition. But that does not prove that Teachers would be *injured* by all fourteen provisions.

And to the extent Teachers claim that each subsection of § 49-6-1019(a) is not a separate provision, that defies reality. The enforceable "provisions" are each individual subsection in § 49-6-1019(a); thus, the prefatory language cannot be enforced.

## II.  The Complaint Fails to State a Vagueness Claim.

***Teachers have no cognizable facial vagueness claim***. The Opposition ignores a dispositive issue: Under longstanding Sixth Circuit precedent, Teachers cannot bring a facial void-for-vagueness challenge. Generally, a litigant "to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court." *New York v. Ferber*, 458 U.S. 747, 767 (1982). Under that rule, litigants may not bring facial vagueness challenges outside the First Amendment context

2

unless the challenged statute involves criminal sanctions. *Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553, 557 (6th Cir. 1999); *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 n.6 (6th Cir. 1995); *United States v. Kettles*, 2017 WL 2080181, at *3-4 (M.D. Tenn. May 15, 2017) (Trauger, J.). The Sixth Circuit continues to follow that approach even after the Supreme Court's decisions in *Johnson* and *Dimaya*. *See*, *e.g.*, *Johnson v. Morales*, 946 F.3d 911, 928-29 (6th Cir. 2020). Because Teachers raise no First Amendment claims and the challenged provisions include no criminal penalties, their facial claims are not cognizable. *See id.*

***The Act is not unconstitutional in all applications.*** Even if Teachers *could* bring a facial challenge, the Opposition errs in arguing that *Hoffman*'s standard no longer applies.

For decades, the Sixth Circuit has applied the *Hoffman* vague-in-all-its-applications standard to determine whether a statute that does not implicate the First Amendment is void for vagueness. *Green Party of Tenn. v. Hargett*, 700 F.3d 816, 825 (6th Cir. 2012); *Belle Maer Harbor*, 170 F.3d at 557; *see Kettles*, 2017 WL 2080181, at *4. Even after *Johnson* and *Dimaya*, the Sixth Circuit continues to use the *Hoffman* standard for vagueness claims that do not involve the unique concerns presented by the categorical approach of the Armed Career Criminal Act. *Stevens v. City of Columbus*, 2022 WL 2966396, at *5-8 (6th Cir. July 27, 2022); *Dade v. Baldwin*, 802 F. App'x 878, 885-86 (6th Cir. 2020). That is consistent with the approach taken by other circuits, which recognize that *Dimaya* and *Johnson* "did not disturb" the general rule that "a statute will generally survive a facial challenge so long as it is not *invalid* in all its applications," *Copeland v. Vance*, 893 F.3d 101, 113 n.3 (2d Cir. 2018), even in the context of vagueness challenges, *United States v. Requena*, 980 F.3d 30, 41-42 (2d Cir. 2020) (limiting "*Johnson* and its progeny").

Contrary to Teachers' suggestion, *Springfield Armory, Inc. v. City of Columbus*, 29 F.3d 250 (6th Cir. 1994) does not repudiate *Hoffman* or the vague-in-all-its-applications standard.

3

*Springfield* notes that a facial vagueness challenge to criminal provisions may succeed even when "constitutionally-protected activity is not imperiled." *Id.* at 254. Defendants do not dispute that point. But to succeed on that facial challenge outside the First Amendment and criminal contexts, *Hoffman* clearly applies, as *Springfield* and subsequent precedent acknowledge. *Id.*

The out-of-circuit cases that Teachers rely upon cannot overcome Sixth Circuit precedent applying *Hoffman*. But even on their own terms, the decisions are unpersuasive. The Seventh Circuit acknowledged that "so much of the Court's analysis in *Johnson* deals with a statute that is in key respects *sui generis*" and, ultimately, rejected the facial vagueness challenge because the litigant was not entitled to bring a facial challenge—so its musing about the proper standard is merely dicta. *United States v. Cook*, 914 F.3d 545, 553-55 (7th Cir. 2019), *cert. granted, judgment vacated*, 140 S. Ct. 41 (2019). And the decision in *Guerrero v. Whitaker*, 908 F.3d 541 (9th Cir. 2018), just like *Dimaya*, considered whether a *criminal offense* committed by an alien that rendered him removable was void for vagueness.

Tellingly, despite asserting that the *Hoffman* standard does not control, Teachers never explain what standard the court should apply to decide the facial vagueness claim. That failure reaffirms what should now be clear—the vague-in-all-its-applications standard applies. And Teachers cannot satisfy that standard, MTD, D.E. 42, at 10-15—indeed they do not even try to.

***The Act is not vague as applied to Teachers.*** The high-level facts pleaded by Teachers lack the specificity necessary to for this Court to "determine whether [the Act] is void for vagueness as applied to that conduct." *Kettles*, 2017 WL 2080181, at *3. Teachers suggest (at 21-22) that they may, in the future, discuss broad topics like race and gender, and contend that it is impossible to tell whether the Act applies to these hypothetical discussions. But Teachers must do more than identify wide-ranging topics; they need factual allegations that actually lay out "the

4

nature and extent" of their intended conduct. *Id.* Any ambiguity in the application of the Act to Teachers conduct stems from the dearth of factual allegations, not from vagueness in the law.

Moreover, Teachers downplay the scienter. They cannot explain why the explicit recognition of a scienter in the implementing rules, rather than in the Act itself, alters the analysis. And their argument (at 20) that the scienter "does nothing" to protect them because their "on-the-job conduct" "will *always* be 'affirmative[] and intentional[]'" misses the mark. The scienter requirement covers more than an intention to act. A defendant, for example, acts "intentionally" when he fires a gun "for the purpose of causing the victims to fear imminent bodily injury," not when he (also intentionally) picks up the gun. *State v. Wilson*, 924 S.W.2d 648, 651 (Tenn. 1996). The question is not whether Teachers intend to *speak*, but whether they intend to *communicate* the prohibited concepts. A teacher acting in "good faith" cannot run afoul of the Act "by mistake"—a reality that dispels any vagueness concern. *Gonzales v. Carhart*, 550 U.S. 124, 149-50 (2007).

### III. The Court Should Abstain.

The abstention doctrine is tailor-made for cases—like this one—involving an uninterpreted state law, MTD at 18-19, a dubious basis for invoking pre-enforcement review, *Bankshot*, 634 F.3d at 1349-50, and claims that *must* proceed on an as-applied basis, *supra* 2-3.

### IV. The Commissioner of Tennessee's Department of Education Must be Dismissed.

Only "the LEA or public charter school [can] determine whether disciplinary action is warranted" against a teacher. Tenn. Comp. R. & Regs 0520-12-04-.07(11). Because "[t]he direct injuries here are due to the independent actions of intervening third parties," Teachers cannot sue the Commissioner. *Ohio Stands Up! v. HHS*, 2022 WL 1576929, at *2 (6th Cir. May 19, 2022).

## CONCLUSION

The Court should grant the motion and dismiss this case with prejudice.

5

Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

*/s/ Ryan Nicole Henry*
Ryan N. Henry (BPR #40028)
Assistant Attorney General
Brooke A. Huppenthal (BPR #40276)
Assistant Attorney General
Office of the Tennessee Attorney General
P. O. Box 20207
Nashville, TN 37202-0207
(615) 741-9598
ryan.henry@ag.tn.gov
brooke.huppenthal@ag.tn.gov
*Counsel for Defendants*

6

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2023, the undersigned filed the foregoing document using the Court's Electronic Court-Filing system, which sent notice of filing to the following counsel of record:

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| David R. Esquivel (BPR # 021459)<br>Jeremy A. Gunn (BPR # 039803)<br>BASS, BERRY & SIMS PLC<br>150 Third Ave. S., Suite 2800<br>Nashville, TN 37201<br>Tel. 615-742-6200<br>Fax 615-742-6293<br>desquivel@bassberry.com<br>jeremy.gunn@bassberry.com<br><br>Carey R. Dunne<br>Kevin Trowel<br>Martha Reiser<br>FREE AND FAIR LITIGATION GROUP, INC.<br>266 W. 37th St., 20th Floor<br>New York, NY 10018<br>646-434-8604<br>carey@freeandfairlitigation.org<br>kevin@freeandfairlitigation.org<br>martha@freeandfairlitigation.org<br><br>Frances E. Bivens<br>Pascale Bibi<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>212-450-4935<br>frances.bivens@davispolk.com<br>pascale.bibi@davispolk.com | Counsel for Plaintiffs |
| Richard L. Colbert (BPR # 009397)<br>KAY GRIFFIN EVANS, PLLC<br>222 2nd Ave. N., Suite 340M<br>Nashville, TN 37201<br>Tel. 615-742-4800<br>Fax 615-742-4801<br>rcolbert@kaygriffin.com | Counsel for Tennessee Education Association |

Respectfully submitted,

*/s/ Ryan Nicole Henry*
RYAN N. HENRY